*In the matter of the Application of* A. C. DYER, *County Attorney of Edwards County, for a Writ of Habeas Corpus.*

NO. 10480.

DEATH-SENTENCE—*Enforcement.* No court has the power to fix a time for the execution of a death-sentence before the governor has named a day for carrying it into effect, when he refuses to issue a warrant for that purpose.

*Original Proceeding in Habeas Corpus.*

APPLICATION of A. C. Dyer, county attorney of Edwards county, for a writ of *habeas corpus.* The opinion, filed February 8, 1896, states the case.

*A. C. Dyer*, county attorney, and *F. Dumont Smith*, for The State.

*F. B. Dawes*, attorney general, for respondents.

The opinion of the court was delivered by

ALLEN, J.: The defendants, Carl Arnold and William Harvey, were convicted in the district court of Edwards county, on the 13th of November, 1894, of the crime of murder in the first degree. The court thereupon rendered judgment that they be conveyed by the sheriff of Edwards county to the penitentiary, and there imprisoned at hard labor until the governor should sign an order for their execution; that upon the signing of such order, and at such time as the governor should fix in the warrant, they should be taken from their cells to some place within the walls of the penitentiary, and should, at the time so fixed by the governor, and at said place, be hung by the neck until they were dead. In pursuance of said judgment the defendants were taken to the penitentiary, where they are still confined. This is an application by the county attorney of Edwards county to have the defendants brought before this court and a time fixed for their execution. It is alleged in the application that the governor has failed and refused to order the execution of the death-sentence, and it is claimed that it is the duty of this court, under sections 270 and 271 of the criminal code, to cause the defendants to be brought before it, and if no legal

reason exists against the execution of the sentence, to issue a warrant commanding the execution and fixing a time when it shall be done.

Prior to 1872 the law provided that, whenever a convict should be sentenced to the punishment of death, the court should fix the day on which the sentence should be executed, not less than four nor more that eight weeks from the time of the sentence, and that it should be carried into effect by the sheriff of the county. In that year an act was passed amending the law. Section 259 of the code of criminal procedure, as amended, reads : " The punishment of death prescribed by law must be inflicted by hanging by the neck, at such time as the governor of the state for the time being may appoint, not less than one year from the time of conviction." By other sections the governor is authorized to issue an order directed to the warden of the penitentiary, to be executed by him, for the purpose of having the death penalty inflicted ; but it is expressly provided that no governor shall be compelled to issue any such order. The sections of the statute under which it is claimed the court has authority to cause the infliction of the death penalty were contained in the General Statutes of 1868, and were not expressly repealed by the act of 1872. They read as follows :

"Sec. 270. Whenever, for any reason, any convict sentenced to the punishment of death shall not have been executed pursuant to such sentence, and the same shall stand in full force, the supreme court, or the district court of the county in which the conviction was had, on the application of the prosecuting attorney, shall issue a writ of *habeas corpus* to bring such convict before the court ; or, if he be at large, a warrant for his apprehension may be issued by such court, or any judge thereof.

" SEC. 271.  Upon such convict being brought before the court, they shall proceed to inquire into the facts, and if no legal reasons exist against the execution of such sentence, such court shall issue a warrant to the sheriff of the proper county, commanding him to do execution of such sentence at such time as shall be appointed therein, which shall be obeyed by the sheriff accordingly."

The contention of the county attorney is, that after the expiration of one year, if the governor refuses to issue his warrant, the court may proceed to order execution of the sentence, and may fix a time for carrying it into effect; that the other sections of the statute amended by the act of 1872 were expressly repealed, while sections 270 and 271 were allowed to stand; that the legislature evidently considered the whole subject, and intended to leave power in the court to carry the sentence into execution.

It would be a sufficient answer to the claim of the county attorney in this case to say that, by the very terms of the judgment of the district court of Edwards county, the defendants were directed to be confined in the penitentiary until such time as the governor should fix by his warrant for their execution.  We are not willing, however, to rest our decision on the form of the judgment.  We are clear that, under the law as it now stands, the death penalty cannot be lawfully inflicted until the governor shall fix the time therefor, and issue his warrant in accordance with the act of 1872.  It is probable that if the governor should so fix a time for the execution of the sentence, and issue his warrant to the warden of the penitentiary for that purpose, and for any reason it should be impracticable for the warden to obey the warrant, owing to the escape of the prisoner, or other sufficient cause, proceedings might be had under these sections, and thus

it may be that they still have some force, and were
therefore allowed to remain unrepealed; but we do not
need, nor do we now undertake, to construe these sec-
tions farther than is necessary for the disposition of
cases like this.    Until the governor has appointed a
day for the execution of the death-sentence, there is
no ground for invoking the jurisdiction of this court
in the case.

The application for the writ is denied.

All the Justices concurring.